[relates to Docket Item #9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL METZ, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF YOUTH AND FAMILY SERVICES et al.,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-5010 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    Plaintiffs Michael Metz ("Michael") and his parents Daniel and Jane Metz ("Plaintiffs") seek recovery under 42 U.S.C. § 1983[1] for the violation of their civil rights under the Fourth and Fourteenth Amendments, claiming that Michael, as a minor, was unlawfully removed from his family's home.  Plaintiffs also bring claims under the New Jersey constitution and under N.J. Stat. Ann. 9:6B-1, the New Jersey Child Placement Bill of Rights, and N.J. Stat. Ann. 30:4C-26.1.  This matter comes before the Court upon the motion of Defendants State of New Jersey Department of

---

    [1] Plaintiffs also allege claims pursuant to 42 U.S.C. §§ 1981, 1985 and 1986, but fail to make any allegations that set forth a cognizable claim under these sections.  The substance of Plaintiffs' allegations fall entirely under 42 U.S.C. § 1983, and so this Court will construe the complaint as brought solely under section.

Human Services, Division of Youth and Family Services ("DYFS") and the DYFS Camden Central District Office (the "District Office")(collectively DYFS and the District Office shall be referred to as the "State Defendants") to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item No. 9.]  The Court has considered the State Defendants' submissions in support thereof [Docket Items No. 6, 9 and 15] and the Plaintiffs' opposition [Docket Item No. 13].  The Court has also considered Defendant Crossroads Program, Inc.'s ("Crossroads") cross-claims for indemnification against the State Defendants and other Defendants [Docket Item No. 8] and the State Defendants' motion to dismiss [Docket Item No. 9].

The Court will grant the motions and dismiss all claims against the State Defendants for the following reasons:

**THE COURT FINDS** as follows:

1. On October 18, 2006, Plaintiffs filed their Complaint under 42 U.S.C. § 1983 against Defendants DYFS, the District Office, Edward E. Cotton (former director of DYFS), Meghann Markegene (family service specialist), Sondra Goodwin (a Camden office DYFS supervisor), M. Kay Bynum (a Camden office DYFS supervisor), Gregory Goff, Gina Goff, Crossroads, and unnamed John Doe defendants.  [Docket Item No. 1.]  Plaintiffs seek damages for violations of their civil rights, specifically the Fourth Amendment prohibition

      of unreasonable searches and seizures as incorporated by the Fourteenth Amendment.  (Compl. at ¶¶ 71-77.)  Count I contends that Michael was unlawfully and continually removed from Plaintiffs' custody after permission for a temporary removal expired (Compl. at ¶¶ 71-77), while Counts II and VI allege further civil rights violations occurred because the State Defendants and other Defendants failed to intervene on Plaintiffs' behalf. (Compl. at ¶¶ 78-85, 103-111.)  Count V is a related claim under the New Jersey Constitution. (Compl. at ¶¶ 96-102.)  Counts III and IV claim state law violations of Plaintiffs' rights to have their child placed with a resource family or shelter that complies with N.J. Stat. Ann. 30:4c-26.1 and N.J. Stat. Ann. 9:6B-1, the Child Placement Bill of Rights Act.  (Compl. at ¶¶ 86-90, 91-95.) Count VII demands punitive damages.  (Compl. at ¶¶ 112-117.)

2. The following allegations are taken from the Complaint and assumed to be true for the purposes of this Memorandum Opinion.  Plaintiffs assert that on May 7, 2004, the then 16-year-old Michael, who was classified as emotionally disturbed by the Haddon Township Public Schools, told his guidance counselor that his mother had bitten his arm. (Compl. at ¶¶ 30, 33.)  The school and police alerted DYFS, which concluded Michael should be removed from his home for a temporary "cooling off" period.  (Compl. at ¶ 35.)  On May

14, 2004, DYFS removed him to the foster home of Defendants Gregory and Gina Goff, but Plaintiffs contend they were not notified of the placement until October 15, 2004.  (Compl. at ¶ 40.)  They assert DYFS did not investigate reports of drug use or other substandard conditions at the home, and that Michael endured verbal and emotional abuse.  (Compl. at ¶¶ 41-44.)  He was forced to sleep in an unfinished attic without heat or air-conditioning, clean the foster house, and perform unpaid labor laying tile and carpet for Defendant Gregory Goff.  (<u>Id.</u>)  A New Jersey Superior Court Order on June 7, 2004 directed DYFS to return the child home, file an abuse or neglect claim with the Court, or secure a permission form from Michael's parents for continued placement, none of which, Plaintiffs contend, occurred.  (Compl. at ¶¶ 47-50.)  In October 2004, Plaintiff Jane Metz attempted to question DYFS via telephone and letter about Michael and the agency's plan for him, but received no answers.  (Compl. at ¶¶ 54-55.)  In November 2004, Michael was removed, without notice, to Defendant Crossroads, but ran away after he was threatened, injured, and had his belongings stolen.  (Compl. at ¶¶ 57-59.)  The Complaint alleges that Crossroads was aware he was missing, but made no attempts to locate him or to notify his parents.  (Compl. at ¶¶ 60-63.)  Thus, Plaintiffs contend, they were

deprived custody and companionship of their child, and were forced to beg for information about him.  (Compl. at ¶¶ 66-67.)

3. The State Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on March 2, 2007 [Docket Item No. 6], and amended the motion on March 14, 2007 to include Crossroads' cross-claim [Docket Item No. 9]. The State Defendants argue that sovereign immunity bars both Plaintiffs' and Crossroads' claims in federal court (State's Br. at 10), and additionally, that the State Defendants may not be sued under § 1983 because a state agency like DYFS is not considered a "person" within the meaning of the statute. (State's Br. at 8.)  The State Defendants assert that the New Jersey constitutional and state law claims must therefore also be dismissed because the Court has no jurisdiction to hear them without the federal claims. (State's Br. at 13.)

4. A motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Unger

v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

5. The question before the Court is not whether Plaintiffs will ultimately prevail; rather, it is whether they can prove any set of facts in support of his claims that would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, the plaintiffs' allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration.  Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

6. The State Defendants contend that the Eleventh Amendment immunizes it from each of Plaintiffs' claims brought in federal court.  (State's Br. at 10.)  Plaintiffs, in

opposition, assert the misdirected argument that the District Office does not qualify for sovereign immunity because the satellite office is not a state agency, but a municipality or other public entity.  (Pl. Reply at 12.) Unless sovereign immunity is waived by the state or by federal statute, the Eleventh Amendment bars a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Quern v. Jordan, 440 U.S. 332 (1979); Martino v. County of Camden, No. 04-5300, 2005 U.S. Dist. LEXIS 15622, at *17-18 (D.N.J. July 26, 2005). Sovereign immunity extends to state agencies and departments from suit in federal court, regardless of the type of relief sought.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); see also Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 70-71 n. 10 (1989).  Similarly, absent consent by a state, the Eleventh Amendment prohibits federal court suits for money damages against state officers acting in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Because the Plaintiffs here seek money damages that would be paid from public funds, the State Defendants are entitled to Eleventh Amendment immunity in this action.  Consequently, Plaintiffs' claims are barred and must be dismissed.

7. The State Defendants argue that even if sovereign immunity did not bar Plaintiffs' claims, the Court must dismiss all counts against it because the State is not considered a "person" within the meaning of § 1983.  (State's Br. at 8.)  In opposition, Plaintiffs assert that the State, state agencies, and caseworkers in their official capacities may be sued under § 1983 because of the "special relationship" established when the state places a child in foster care.  (Pl. Reply at 8, 12.)  Yet Plaintiffs misconstrue the case they cite, Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 1999), which addresses the liability of caseworkers in their individual capacities under § 1983, not the state or its agents in any official capacity.

8. In order to be liable under § 1983, a defendant must be a "person."  See 42 U.S.C. 1983 ("any *person* who. . . subjects. . . any citizen. . . to the deprivation of any rights, privileges or immunities secured by the Constitution or its laws. . . shall be liable to the party injured") (emphasis added).  The Supreme Court, in Quern v. Jordan, 440 U.S. at 350, established that states are not liable under § 1983 because they do not fit into the statute's category of "persons."  Arms of the state that have traditionally enjoyed sovereign immunity, as well as officials acting in their official capacities, are also not

considered "persons" under § 1983.  Will, 491 U.S. at 71.  Moreover, in Simmerman v. Corino, 804 F. Supp. 644, 650 (D.N.J. 1992), the court found that it was "beyond dispute" that DYFS and its satellite offices were arms of the state and thus not subject to liability under § 1983.  Therefore, because neither DYFS nor the District Office are considered "persons" under § 1983, Plaintiffs' claims must be dismissed.[2]

9. The State Defendants argue that if Plaintiffs' federal claims are dismissed, this Court must also dismiss Plaintiffs' state law claims against them for lack of subject matter jurisdiction.  (State's Br. at 13.)  While 28 U.S.C. § 1367(a) empowers a federal court to exercise supplemental jurisdiction over state law claims that are so related to the claims within the original federal question jurisdiction that they form part of the same case or controversy, the Supreme Court has held that the Eleventh Amendment bars federal suits against non-consenting state defendants, Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-41 (2002).  Thus, under the Eleventh Amendment,

---

[2] Although Count VII of Plaintiffs' Complaint demands punitive damages, state and municipal entities are not subject to such awards under § 1983.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Evans v. Port Auth. of NY and NJ, 273 F.3d 346, 357 (3d Cir. 2001).

9

    this Court lacks jurisdiction over Plaintiffs' state law claims against these State Defendants, and the Court must therefore decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).[3]

10. The cross-claim filed by Defendant Crossroads, seeking indemnification against the State Defendants, is similarly dismissed for a lack of jurisdiction under 28 U.S.C. § 1367(c)(3). <u>County of Oneida v. Oneida Indian Nation</u>, 470 U.S. 226, 250-252 (1985)(holding that where suit against the State is barred by the Eleventh Amendment, so too are cross-claims for indemnification where arising from a claim for monetary relief.)

## **CONCLUSION**

    For the reasons discussed above, the State Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) will be granted because Plaintiffs can prove no set of facts that could override the State's sovereign immunity.  Plaintiffs' claims are further barred because neither DYFS nor the District Office is a person within the meaning of § 1983.  Furthermore, both the state-law claims and Crossroads'

---

[3] While the Eleventh Amendment compels dismissal of the related state law claims against the State Defendants, this Court makes no determination regarding claims asserted against other defendants not protected by Eleventh Amendment immunity.

counter-claim against the State Defendants are also dismissed without prejudice because the Court cannot exercise supplemental jurisdiction over these claims over the non-consenting State entities.  An appropriate Order follows.


**August 21, 2007**                   **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      U.S. District Judge

[relates to Docket Item #9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL METZ, <u>et al.</u>,<br><br>    Plaintiffs,<br>  v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF YOUTH AND FAMILY SERVICES et al.,<br><br>    Defendants. | Civil Action<br>No. 06-5010 (JBS)<br><br>**<u>ORDER</u>** |

This matter having come before the Court upon the motion of Defendants State of New Jersey Department of Human Services, Division of Youth and Family Services and DYFS Camden Central District Office (the "State Defendants") to dismiss Counts I through VII in Plaintiffs' Complaint, as well as Defendant Crossroads' cross-claim against the State Defendants, pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Item No. 9]; and this Court having considered the parties' submissions; and for the reasons expressed in a Memorandum Opinion of today's date; and for good cause shown;

**IT IS** this ___**21st**___ day of **August, 2007** hereby

**ORDERED** that the motion of the State Defendants [Docket Item No. 9] to dismiss with respect to Counts I, II and VI against the State Defendants shall be and hereby is **<u>GRANTED</u>**; and

**IT IS FURTHER ORDERED** that Plaintiffs' remaining claims in the Complaint against the State Defendants, as well as Defendant Crossroad's cross-claim against the State Defendants, shall be, and hereby are, **DISMISSED** without prejudice.


                                    <u>s/ Jerome B. Simandle</u>
                                    JEROME B. SIMANDLE
                                    U.S. District Judge